SCHAERR
JAFFE LLP

September 3, 2024

*By ECF*

Mr. Mark J. Langer, Clerk of Court
United States Court of Appeals for
 the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W., Room 5205
Washington, DC 20001

> Re: *Page v. Comey*, Case No. 23-5038
> Response to August 30, 2024 Individual Defendants' Letter of Supplemental Authority Pursuant to Rule 28(j)

Dear Mr. Langer:

The Individual Defendants-Appellees' 28(j) letter wrongly argues that the Reforming Intelligence and Securing America Act (RISAA) supports their statutory reading.

But RISAA, which applies only prospectively, has no bearing on Dr. Page's showing that his rights were violated under the prior version of 50 U.S.C. § 1809(a). The Individual Defendants ask the Court to presume that RISAA's expressly including disclosures of FISA warrant applications themselves meant that they were not covered before. But this Court has made clear that, "when a legislative or executive body adopts a new clarifying law or rule, it does not necessarily follow that an earlier version did not have the same meaning." *Baptist Mem'l Hosp.-Golden Triangle v. Sebelius*, 566 F.3d 226, 229 (D.C. Cir. 2009). Congress's clarifying that § 1809 applies to the disclosure of FISA applications does not signal that their disclosure was previously lawful. Instead, it reflects Congress's commendable decision to cut off the government's ability to exploit the statutory text through the very arguments the Individual Defendants make here to skirt liability for violating

GENE C. SCHAERR | PARTNER
Office: (202) 787-1060
Email: gschaerr@schaerr-jaffe.com

SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
www.schaerr-jaffe.com

Dr. Page's rights. But as Dr. Page has shown, improper disclosure of FISA applications was covered before RISAA. *See* AOB 61–77.

Equally unpersuasive is the Individual Defendants' argument that Congress's decision to impose "different consequences" on those who intentionally lie to the Foreign Intelligence Surveillance Court under 50 U.S.C. § 1803(m) means that those activities are not included in the expansive language of §§ 1809 and 1810. RISAA merely clarified that those who violate their duty of candor to FISC face suspension or removal. But those new consequences do not strip such individuals of civil liability for unlawfully engaging in surveillance under §§ 1809 and 1810.

The Court should reject the Individual Defendants' attempt to turn the Act's clarifying language into a shield. Everyone who approved or drafted the FISA applications seeking to surveil Dr. Page without probable cause are liable for violating the law. That was the case under the prior statute, *see* AOB 36–52, and it is no less the case now that Congress has been more careful and expansive in its drafting.

        Respectfully submitted,

        */s/ Gene C. Schaerr*
        Gene C. Schaerr

        *Counsel for Plaintiff-Appellant*